UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES WRIGHT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 1:22-CV-9-KAC-SKL |
| ADT PIZZA, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER APPROVING SETTLEMENT**

Before the Court is the Parties' "Joint Motion for Order Approving Resolution of FLSA Claims" [Doc. 19] and Memorandum in Support [Doc. 20], requesting that the Court approve the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Because the settlement provides a fair and reasonable resolution of Plaintiff's *bona fide* FLSA dispute and provides reasonable attorney's fees and costs, the Court approves the settlement and grants the Parties' motion.

Plaintiff initially brought suit "individually and on behalf of all others similarly situated" against Defendant ADT Pizza, LLC for alleged violations of the FLSA related to unpaid wages and overtime compensation [Doc. 10]. But Plaintiff did not file any motion seeking collective action certification under the FLSA, and no other plaintiff consented to join the action. *See* 29 U.S.C. § 216(b). The Court ordered Plaintiff and Defendant to arbitrate their dispute in accordance with their arbitration agreement and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* [Doc. 18]. On October 19, 2022, the Parties notified the Court that "they have resolved all matters in controversy between them" after fulsome negotiations and "stipulate to the voluntary dismissal of

this action in its entirety with prejudice" under Federal Rule of Civil Procedure 41(a) [Doc. 19 at 1]. The Parties also seek Court approval of their settlement [*Id.*].

The FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee . . . in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Further, the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

The circuits are split on whether the settlement of FLSA claims requires Court approval. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue. One district court in this Circuit has reached the persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022). But courts in this district have regularly found it appropriate to review FLSA settlements for approval. *See, e.g.*, *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018); *Thompson v. United Stone, LLC*, No. 14-CV-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015). Until the Sixth Circuit addresses the issue, out of an abundance of caution and at the Parties' request, the Court reviews the Parties' settlement

[*See* Doc. 20 at 1 n.1 ("[T]he parties believe that court approval is . . . consistent with the weight of authority.")].

When reviewing an FLSA settlement, the Court ensures that it represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Lynn's Food Stores*, 679 F.2d at 1355. The text of the FLSA does not "shed[] light" on what it means for attorney's fees to be "reasonable." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). But the Sixth Circuit has stated that the award of attorney's fees ensures "effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 502-03. Generally, when evaluating the reasonableness of attorney's fees, the Court considers (1) "the value of the benefit rendered;" (2) "the value of the services on an hourly basis;" (3) "whether the services were undertaken on a contingent fee basis;" (4) "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;" (5) "the complexity of the litigation;" and (6) the "professional skill and standing of counsel." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

Here, to the extent the FLSA requires the Court to independently review the terms of the Parties' agreement, the proposed settlement fairly and reasonably resolves Plaintiff's *bona fide* FLSA dispute. The Parties negotiated the settlement at arms' length and "in an adversarial context" through "capable counsel who protected the rights of both parties" [Doc. 20 at 3-4]. The settlement "represents a compromise on the part of all parties with respect to both the relief sought by Plaintiff and the defenses raised by Defendant" [*Id.* at 3]. Consistent with the FLSA, Defendant agrees to pay Plaintiff his fairly negotiated "back-wage damages and liquidated damages" in an

3

equal amount based on "calculations t[aking] into account the miles Plaintiff drove, the amount of reimbursement that would have been owed under the IRS rate, and the amount that Plaintiff was actually reimbursed" [Docs. 20 at 4; 19-1 at 1-2; 19-2 at 1-2]. *See* 29 U.S.C. § 216(b). Also consistent with the FLSA, the Parties agree that Defendant will pay Plaintiff's incurred "attorney fees and costs" [Docs. 20 at 4-5; 19-1 at 1; 19-2 at 1]. *See* 29 U.S.C. § 216(b). Plaintiff's counsel is experienced in handling employment litigation, bringing valuable expertise to this case [*See* Doc. 20-1 at 7-8]. And the award of reasonable attorney's fees encompasses "initial fact-finding," "Complaint drafting," "informal discovery and damages calculations," and "settlement negotiations and finalization" [Doc. 20 at 4-5]. As a result, the settlement represents a fair resolution of the FLSA dispute. *See Lynn's Food Stores*, 679 F.2d at 1355. And the proposed reasonable attorney's fees will incentivize lawyers to undertake meritorious FLSA litigation, consistent with the FLSA's mandate. *See Moulton*, 581 F.3d at 352.

Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Settlement Approval" [Doc. 19] and **DIRECTS** Defendant to pay Plaintiff and his counsel the amounts set forth in the Settlement Agreement [Docs. 19-1; 19-2]. The Court **DISMISSES** the case **WITH PREJUDICE**. An appropriate judgment will enter.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

4

Case 1:22-cv-00009-KAC-SKL   Document 21   Filed 10/24/22   Page 4 of 4   PageID #: 102